Citation Nr: 1528172 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 12-17 820A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for tinnitus.

2. Entitlement to service connection for a left ankle disability.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Steve Ginski, Associate Counsel
INTRODUCTION

The Veteran served on active duty in the U.S. Air Force from April 1952 to April 1956, and from October 1962 to November 1962.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio, and a November 2012 rating decision by the RO in St. Petersburg, Florida. Jurisdiction is now with the RO in St. Petersburg, Florida.

In May 2015, the Veteran presented sworn testimony during a video-conference Board hearing in St. Petersburg, Florida, which was presided over by the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the Veteran's claims file.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. Resolving reasonable doubt in the Veteran's favor, currently diagnosed tinnitus had its onset in service.

2. Resolving reasonable doubt in the Veteran's favor, there is competent and probative medical evidence of record suggesting that the Veteran's left ankle disability is related to active service.


CONCLUSIONS OF LAW

1. The criteria for service connection for tinnitus have been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2014).

2. The criteria for service connection for a left ankle disability have been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA has duties to notify and assist a claimant in substantiating a claim for VA benefits. In the instant decision, the Board grants the benefits sought. Therefore any failure to meet these duties is harmless error and need not be discussed further.

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303(a) (2014). "To establish a right to compensation for a present disability, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"- the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Tinnitus

Tinnitus is defined as a noise in the ear, such as ringing, buzzing, roaring, or clicking, that is usually subjective in type. See Dorland's Illustrated Medical Dictionary 1956 (31st ed. 2007). The Board notes that because of the inherently subjective nature of tinnitus, it is readily capable of even lay diagnosis. See Charles v. Principi, 16 Vet. App. 370 (2014). 

At the outset, the Board finds that the Veteran was exposed to acoustic trauma while in the military. His credible testimony evidences exposure to acoustic trauma from while working as a hydraulic mechanic. Thus, the Board concedes his exposure to noise in service. 38 U.S.C.A. § 1154(a) (West 2014). 

Next, after a thorough review of the record, the Board finds that the evidence is at least in equipoise on the question of whether tinnitus was directly incurred in service. During his May 2015 hearing before the Board, the Veteran provided credible testimony that he had experienced recurrent bilateral tinnitus constantly since service. This testimony is corroborated by the Veteran's written submissions over the course of the appeal. Tinnitus is a condition capable of lay observation and diagnosis. See Charles v. Principi, 16 Vet. App. 370, 374 (2002) ("ringing in the ears is capable of lay observation"). The Board acknowledges that an examiner in a June 2010 VA examination stated that he could not provide an opinion regarding the etiology of tinnitus without resorting to speculation. However, the Veteran has competently and credibly asserted that he has experienced tinnitus symptomatology bilaterally since service. 

For these reasons, the Board finds that the evidence both for and against the material question of whether the Veteran has experienced tinnitus since active service is in relative equipoise. Resolving reasonable doubt in the Veteran's favor, the Board finds that tinnitus had its onset in service. Therefore, direct service connection for tinnitus is warranted. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102. 

Left Ankle

The Veteran filed his claim for service connection for a left ankle disability in June 2012. He contended that his current left ankle disability was a result of a left ankle fracture sustained during active service. After a thorough review of the record, the Board finds that service connection for a left ankle disability is warranted. 

The Veteran currently has a disability of the left ankle. X-ray images from May 2012 show degenerative joint disease in that joint. Thus, the first element of service connection, present disability, has been met. 

The Veteran's service treatment records also document a left ankle injury. Specifically, August 1954 records document the Veteran sustaining a fracture in the astralgus, the talus bone, in the left ankle after a fuel tank fell on the joint. In the Veteran's Report of Medical Examination for separation from active service, the examiner's notes documented complaints of "generalized joint stiffness on occasion." In a subsequent Report of Medical Examination in November 1962, the examiner's notes described a left ankle fracture in the earlier tour of duty, indicating that there were occasional symptoms. Therefore, the Board concludes that there has been an in-service incurrence of a left ankle injury, and the second element of service connection has been met. 

Turning to the nexus requirement for service connection, VA afforded the Veteran an examination for his claim in October 2012. Confirming the Veteran's current diagnosis, the examiner took note of the Veteran's service treatment records that documented his ankle injury and subsequent reports of stiffness and other symptoms. However, the examiner opined that the Veteran's left ankle degenerative joint disease was less likely as not caused by or a result of the August 1954 injury. As rationale, the examiner pointed to his review of medical literature, the medical record, clinical experience, and his inability to exclude an intercurrent ankle injury or other cause for arthritic changes in the left ankle. 

The Veteran subsequently submitted a nexus statement from April 2013. In it, Dr. M.R.N., opined that the Veteran's arthritis of the left ankle was caused by or a result of trauma during active duty service. 

After his May 2015 hearing, the Veteran submitted a May 2015 treatment note by Dr. S.C.K., who evaluated the Veteran's left ankle. The Veteran related the history of his left ankle fracture in 1954 and described his symptoms since that time, which included a consistent deep ache and locking sensation. X-rays taken for this consultation revealed an irregularity at the tip of the medial malleolus consistent with an old fracture. Dr. S.C.K. noted that the Veteran's service treatment records documented a fracture of the talus bone and that the talus bone was normal in shape and nature at the time of the examination. Dr. S.C.K. reached an impression of posttraumatic arthritis in the left ankle. Regarding this disability's etiology, Dr. S.C.K. opined that, although he could not personally attest that the Veteran's current disability was from a service related injury, he could opine that the left ankle symptoms were greater than 50 percent likely from a left ankle fracture greater than 5 years ago. In light of this opinion, the Board finds it significant that the Veteran has denied any intercurrent ankle injuries since his left ankle fracture in service. 

Thus, the Board notes that the medical evidence of record contains both positive and negative nexus opinions with regard to the Veteran's claim of service connection for a left ankle disability. In weighing the competent medical evidence, of record, including the Veteran's competent subjective complaints of experiencing left ankle symptoms since his injury in 1954 during service, and affording the benefit of any doubt to the Veteran, the Board finds that the positive evidence is essentially in a state of equipoise with the negative evidence. Therefore, service connection for a left ankle disability is warranted. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102. 


ORDER

Entitlement to service connection for tinnitus is granted. 

Entitlement to service connection for a left ankle disability is granted. 





______________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs